# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PUREWAVE NETWORKS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-2181-EFM-KGG |
| STUTLER TECHNOLOGIES CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is the "Motion to Quash and for Protective Order" filed by Defendant Stutler Technologies Corporation (Doc. 16), seeking an Order prohibiting Plaintiff from taking numerous depositions. The Court held a telephonic hearing on this motion on November 12, 2013. Plaintiff appeared by its attorneys Brenard Rhodes and Susanne Geraghty. Defendant appeared by its attorney Wesley Smith. Having heard arguments and reviewed the submissions and exhibits presented by the parties, the Court **GRANTS in part** and **DENIES in part** Defendant's motion for the reasons set forth below.

## BACKGROUND

Plaintiff filed the present action seeking payment of $445,975.50 for goods delivered to Defendant but for which Plaintiff alleges not to have been paid. (Doc.

1, at 6.) Plaintiff also seeks interest as well as costs, attorneys fees, and punitive damages. (*Id*.) Defendant has made an offer to Plaintiff which would allow Plaintiff to "take a judgment for the entirety of the amount prayed for in the Complaint . . . plus interest," but with no attorneys fees or allowance for punitive damages. (Doc. 17, at 2.) Plaintiff counter-offered with a demand for the full judgment of $445,975.50 in addition to a cash payment of $40,000. (*Id*., at 3.) Defendant, which states it is insolvent, contends it is unable to make this payment. (*Id*.) Defendant followed these settlement discussions with a formal Offer of Judgment pursuant to Fed.R.Civ.P. 68 in the amount of $445,975.50. (Doc. 17-1, at 4.)

## DISCUSSION

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> \* \* \*
> (A) forbidding the disclosure or discovery;

> (B) specifying terms, including time and place, for the disclosure or discovery;
> * * *
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed.R.Civ.P. 26(c)(1). Also instructive is Fed. R. Civ. Proc. 1 which states that the rules "should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding."

The party seeking to quash a subpoena must show "good cause" for the request. *Id.*; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by requested discovery.

In addition, Federal Rule of Civil Procedure 26(b)(1) provides, in relevant part:

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at

3

> the trial if the discovery appears reasonably calculated to
> lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

Once this low burden of relevance is established, the legal burden resides with the party opposing the discovery of the information requested. *See* ***Masters v. Gilmore***, No. 08-2278-LTB-KLM, 2009 WL 4016003, at *2 (D.Colo. Nov. 17, 2009) (holding that the burden lies with the party objecting to discovery of information that is the subject of a subpoena). *Cf.* ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that, in the context of a motion to compel, the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); ***Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). However, "[w]hen 'relevancy is not

4

apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at *2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)). In this context, the Court will analyze the information sought by the subpoena at issue.

Defendant brings the present motion to thwart Plaintiff's attempts to take "multiple depositions of officers of Defendant and third parties, for the purposes of pursing execution and obtaining information as to why Defendant did not pay." (Doc. 17, at 1.) Defendant contends that because it has made a formal offer of judgment for the amount prayed for in the Complaint (not including the demand for attorneys fees and punitive damages), the information is irrelevant and the depositions are being pursued "to harass, oppress, and annoy Defendant and unnecessarily increase its burden and expenses." (*Id.*)

Defendant contends that it has offered to give the Plaintiff judgment for the amount available under the claim for the breach of contract (Count I) alleged in the Complaint. The offer does not include attorney fees, which Defendant contends are unavailable under the contract, or punitive damages claimed under Plaintiff's conversion claim. Defendant claims that Plaintiff's non-contract counts are not viable causes of action.

5

Notwithstanding, Plaintiff contends that it is entitled to take two days of depositions, consisting of two of Defendant's executives, a Rule (30)(b)(6) witness, and Defendant's secured creditor bank. Plaintiff claims these depositions are directed at Stutler's defenses, including the insolvency defense. (Doc. 21, at 4.) Plaintiff represents that it will explore (1) the identity of all individuals or entities responsible for the failure to pay for the Goods; (2) the identity of all individuals or entities who are currently in possession of the Goods; and (3) the amount of money retained by Stutler (or others) when Stutler wrongfully converted the goods.

This is a contract case. Although the ultimate viability of the conversion and unjust enrichment claims will be for decision by the District Judge, the Magistrate Judge seriously doubts the viability of the conversion and unjust enrichments claims.[1] At the hearing and in their memorandum, Plaintiff made no effort to assuage these doubts.

Given that the case is an action for price on a contract, much of the discovery proposed by Plaintiff is simply irrelevant. Insolvency is not a defense to

---

[1] A seller's remedy for nonpayment of delivered and accepted goods is generally an action on the price, which is Count I of the present case. K.S.A. § 84-2-709. Title passes upon acceptance § 84-2-401(2). There is no evidence or claim that Plaintiff attempted the reclamation remedy against an insolvent buyer (K.S.A. § 84-2-702) and the time for doing so has passed. There is, in short, likely no action for conversion. Similarly, an equitable action for unjust enrichment, or quasi contract, is probably not available when, as in this case, the parties rights and obligations are covered by an express contract. *Midwest Grain Products, Inc. v. EnviroFuels Marketing, Inc.*, 948 F. Supp. 976 (D. Kan. 1996).

that action. The identity of persons "responsible" for not paying the price is irrelevant, as is the tracking of monies and goods. Neither is Plaintiff permitted before judgment to conduct discovery to aid in the execution of its eventual judgment. General discovery into the ability of Defendant to pay an eventual judgment is not relevant.

Plaintiff also wishes to explore "Stutler's corporate structure, and whether Stutler has or had related companies or entities; whether Stutler is a shell corporation; and whether Stutler has unlawfully transferred its assets." Although Plaintiff states that these topics are relevant to Defendant's "insolvency defense," the Court (generously) interprets these topics as potentially relevant to developing grounds to "pierce the corporate veil." This can be proper discovery. *See* ***Roberts v. Air Capitol Plating, Inc***. 1997 WL 446266, No. 95-1348-JTM (D. Kan. 1997).[2] Also, because the offer of judgment was not accepted within 14 days, it has expired. Fed.R.Civ.P. 68(b). Therefore, Plaintiff must still prove its basic contract claim (the action for price under K.S.A. § 84-2-709) at trial, and must be allowed to complete the basic discovery necessary to establish that claim.[3]

---

[2] Although the deadline to add parties has passed, a motion to extend that deadline is pending.

[3] Defendant has not confessed judgment by amending its Answer. That action might eliminate the need for that basic discovery.

Returning to the considerations of Rule 1, the Court is mindful of the charge to administer this case in a manner which is "just, speedy and inexpensive." To that end, the subject and scope of the proposed depositions should be limited.

Plaintiff may take up to two depositions on one day for a total of 8 hours. The permitted subject matter may include only (1) evidence needed to establish the action on the price (Court I) and (2) discovery concerning the corporate structure and funding of the corporate defendant directed toward determining whether it is a legitimate corporation.[4] Defendant may name two individuals, or may name one individual and issue a notice under Rule 30(b)(6).

For the reasons set forth above, Defendant's motion is, therefore, **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of November, 2013.

                                        S/ KENNETH G. GALE
                                        Kenneth G. Gale
                                        United States Magistrate Judge

---

[4] Such discovery may necessarily include discovery into Defendant's solvency, even though that topic is not independently relevant.